IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DRILLMEC, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| V. | § | C.A. No. 4:09-cv-00307 |
| | § | JURY |
| DONALD BRANHAM, CHARLOTTE | § | |
| BRANHAM, BRANHAM | § | |
| INDUSTRIES, INC., BRANHAM | § | |
| INDUSTRIES PRODUCTS, INC., FULL | § | |
| CIRCLE ENTERPRISES, INC., and | § | |
| WDE BRANHAM OIL RIGS, | § | |
| | § | |
| *Defendants.* | § | |

### BRANHAM DEFENDANTS' ANSWER TO
### PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Donald Branham, Charlotte Branham, Branham Industries, Inc., Branham Industries Products, Inc., and Full Circle Enterprises, Inc. (collectively, "Branham Defendants") file this Answer to Plaintiff Drillmec, Inc.'s ("Plaintiff") First Amended Complaint ("Plaintiff's Complaint") and would show the Court as follows:

1. Branham Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 1 of Plaintiff's Complaint.

2. Donald Branham admits that he is a citizen of the State of Texas.

3. Charlotte Branham admits that she is a citizen of the State of Texas.

4. Branham Industries, Inc. admits that it was incorporated in Texas and that Charlotte Branham was its registered agent.

5.      Branham Industries Products, Inc. admits that it was incorporated in Texas and that Charlotte Branham was its registered agent.

6.      Full Circle Enterprises, Inc. admits that it is incorporated in Texas and that Charlotte Branham is its registered agent, and admits that its principal place of business is in Conroe, Texas.

7.      Branham Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 7 of Plaintiff's Complaint, except that Branham Defendants deny that Donald Branham is a "partner" or a "principal" in WDE Branham.

8.      Branham Defendants admit that this Court has jurisdiction over the cause of action for federal trademark infringement.   Branham Defendants admit that Plaintiff seeks jurisdiction over other state law claims, pursuant to 28 U.S.C. § 1367.

9.      Branham Defendants admit that this Court has personal jurisdiction over the Branham Defendants and that venue is proper against Branham Defendants in this District.   Branham Defendants lack knowledge or information sufficient to form a belief about the allegations concerning WDE Branham.

10.     Branham Defendants admit that Charlotte Branham entered into an Asset Purchase Agreement with Soilmec S.P.A.   Branham Defendants also admit that Donald Branham executed a joinder to certain sections of that agreement.   Branham Defendants further admit that prior to 1999, for several years, Donald Branham designed and manufactured oilfield equipment, including drilling rigs and related components. Branham Defendants deny the remaining allegations of paragraph 10 of Plaintiff's Complaint.

2

11.     Branham Defendants deny the allegations in paragraph 11 of the Plaintiff's Complaint.

12.     Branham Defendants admit that there is an "Assignment of Common Law Marks and Trade Names" made on or around April 29, 1999 by Charlotte Branham *d/b/a* Branham Industries Products to Soilmec S.P.A.  Branham Defendants admit that the Assignment is signed by Charlotte Branham and Donald Branham. Branham Defendants deny the remaining allegations of paragraph 12 of Plaintiff's Complaint.

13.     Branham Defendants deny the allegations of paragraph 13 of the Plaintiff's Complaint.

14.     Branham Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 14 of Plaintiff's Complaint.

15.     Branham Defendants deny the allegations of paragraph 15 of Plaintiff's Complaint.

16.     Branham Defendants admit that Branham Industries, Inc., Branham Industries Products, Inc., and Branham Universal Oilfield Sales, Inc. were registered with the Secretary of State.  Branham Defendants admit that Charlotte Branham was listed as the registered agent of Branham Industries, Inc. and Branham Industries Products, Inc. and that Charlotte Branham was listed as the President and Director of Branham Industries, Inc. and Branham Industries Products, Inc.  Branham Defendants admit that Donald Branham was listed as the Vice President of Branham Industries, Inc. and Branham Industries Products, Inc. and that during its existence, Donald Branham was the registered agent and Director of Branham Universal Oilfield

3

Sales, Inc.   Branham Defendants deny the remaining allegations of paragraph 16 of
Plaintiff's Complaint.

17.   Branham Defendants admit that Donald Branham "accept[ed] to
grant WDE Branham ('Licensee'), the license to use its trade name 'Branham' to market,
promote, and sell the products the Licensee manufactures in the Territory."   Branham
Defendants deny the remaining allegations in paragraph 17 of Plaintiff's Complaint.

18.   Branham Defendants admit that Full Circle Enterprises, Inc. is an
existing company engaged in the design, manufacture, and sale of certain oilfield
equipment, including drilling rigs and related components.   Branham Defendants deny
the remaining allegations of paragraph 18 of Plaintiff's Complaint.

19.   Branham Defendants deny the allegations in paragraph 19 of
Plaintiff's Complaint.

20.   Branham Defendants admit that Full Circle Enterprises, Inc., at one
time, used the name "Branham" – in conjunction with other verbiage – on a sign for its
facility at 188 FM 3083 Rd in Conroe, Texas.   Branham Defendants deny the remaining
allegations of paragraph 20 of Plaintiff's Complaint.

21.   Branham Defendants lack knowledge or information sufficient to
form a belief about the allegations in Paragraph 21 of Plaintiff's Complaint.

22.   Branham Defendants deny that they "intended to develop
"BRANHAM marks abroad in contravention of the Agreement and Drillmec's [alleged]
trademark rights, while manufacturing in the United States the oilfield equipment
promoted abroad in connection with those marks."   Branham Defendants admit that Full
Circle Enterprises, Inc. was supposed to supply an oil rig to WDE Branham, which has

4

`not taken delivery of the incomplete rig. Branham Defendants lack knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 22 of Plaintiff's Complaint.

       23.    Branham Defendants admit that Full Circle Enterprises, Inc.'s information technology vendor registered the domain name www.branhamindustries.com. Branham Defendants lack knowledge or information sufficient to form a belief about the allegation that "when an individual would type www.branhamindustries.com into the address line of an internet browser, that individual would be redirected to www.fceus.com." Branham Defendants deny the remaining allegations of Paragraph 23 of Plaintiff's Complaint.

       24.    Branham Defendants admit that Full Circle Enterprises, Inc.'s information technology vendor registered the domain name www.branhamindustries.com. Branham Defendants admit that, when their counsel was informed of the domain name registration, Branham Defendants discontinued that domain name without prejudice and without admitting liability. Branham Defendants deny the remaining allegations of Paragraph 24 of Plaintiff's Complaint.

       25.    Branham Defendants admit that Full Circle Enterprises, Inc.'s information technology vendor registered the domain name www.branhamindustries.com. Branham Defendants do not believe, and therefore deny, that contact information for Full Circle Enterprises, Inc., a company profile, and information regarding Full Circle Enterprises, Inc.'s products and services was available on a www.branhamindustries.com website. Branham Defendants deny the remaining allegations of Paragraph 25 of Plaintiff's Complaint.

D47E19C64EEFD394: 0001

26.     Branham Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 26 of Plaintiff's Complaint.

27.     Branham Defendants deny the allegations of paragraph 27 of Plaintiff's Complaint, except that Branham Defendants lack knowledge or information sufficient to form a belief about the allegation that Drillmec is presently bidding for work to refurbish and in some instances replace oilfield equipment associated with the Holkan rig owned by PEMEX.

28.     Branham Defendants admit that Mr. Deison wrote the January 23, 2004 letter attached as Exhibit F to the Declaration of Paolo Brando Ballerini and that portions of the letter appear to be quoted correctly.   Branham Defendants deny the remaining allegations of paragraph 28 of Plaintiff's Complaint.

29.     Branham Defendants deny the allegations of paragraph 29 of Plaintiff's Complaint.

30.     Branham Defendants admit that, in the course of reviewing Full Circle Enterprises, Inc.'s documents, Full Circle Enterprises, Inc. located some drawings which bear the names Soilmec Branham, Branham Industries, or Branham Industries Products.   Branham Defendants deny the remaining allegations of Paragraph 30 of Plaintiff's Complaint.

31.     Branham Defendants deny the allegations of paragraph 31 of the Plaintiff's Complaint.

32.     Branham Defendants admit that, in the course of reviewing Full Circle Enterprises, Inc.'s documents, Full Circle Enterprises, Inc. located some drawings which bear the names Soilmec Branham, Branham Industries, or Branham Industries

6

Products.  Branham Defendants deny the remaining allegations of paragraph 32 of the Plaintiff's Complaint.

33.    Branham Defendants deny the allegations of paragraph 33 of Plaintiff's Complaint.

34.    It appears Plaintiff has correctly quoted, in block text, selected excerpts of the Agreement.  Branham Defendants deny the remaining allegations of paragraph 34 of Plaintiff's Complaint.

35.    See paragraphs 1 through 34 of this Answer.

36.    Branham Defendants deny the allegations of paragraph 36 of Plaintiff's Complaint.

37.    Branham Defendants deny the allegations of paragraph 37 of Plaintiff's Complaint, except that Branham Defendants admit that Drillmec requests a temporary restraining order, a preliminary injunction, and a permanent injunction.

38.    See paragraphs 1 through 37 of this Answer.

39.    Branham Defendants deny the allegations of paragraph 39 of Plaintiff's Complaint.

40.    Branham Defendants deny the allegations of paragraph 40 of Plaintiff's Complaint, except that Branham Defendants admit that Drillmec seeks a temporary restraining order, a preliminary injunction, and a permanent injunction.

41.    See paragraphs 1 through 40 of this Answer.

42.    The allegations of paragraph 42 of Plaintiff's Complaint relate solely to another defendant, and Branham Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 42 of Plaintiff's Complaint.

D47E19C64EEFD394: 0001

43.     See paragraphs 1 through 42 of this Answer

44.     Branham Defendants deny the allegations of paragraph 44 of Plaintiff's Complaint.

45.     Branham Defendants deny the allegations of paragraph 45 of Plaintiff's Complaint, except that Branham Defendants admit that Drillmec seeks a temporary restraining order, a preliminary injunction, and a permanent injunction.

46.     See paragraphs 1 through 45 of this Answer.

47.     Branham Defendants deny the allegations of paragraph 47 of Plaintiff's Complaint.

48.     Branham Defendants deny the allegations of paragraph 48 of Plaintiff's Complaint.

49.     Branham Defendants deny the allegations of paragraph 49 of Plaintiff's Complaint.

50.     See paragraphs 1 through 49 of this Answer.

51.     Branham Defendants deny the allegations of paragraph 51 of Plaintiff's Complaint.

52.     Branham Defendants deny the allegations of paragraph 52 of Plaintiff's Complaint, except that Branham Defendants admit that Drillmec seeks a temporary restraining order, a preliminary injunction, and a permanent injunction.

53.     See paragraphs 1 through 52 of this Answer.

54.     Branham Defendants deny the allegations of paragraph 54 of Plaintiff's Complaint.

55.     See paragraphs 1 through 54 of this Answer.

8

56.     Branham Defendants deny the allegations of paragraph 56 of Plaintiff's Complaint.

57.     See paragraphs 1 through 56 of this Answer.

58.     Branham Defendants deny the allegations of paragraph 58 of Plaintiff's Complaint.

59.     See paragraphs 1 through 58 of this Answer.

60.     Branham Defendants deny the allegations of paragraph 60 of Plaintiff's Complaint.

61.     See paragraphs 1 through 60 of this Answer.

62.     Branham Defendants deny the allegations of paragraph 62 of Plaintiff's Complaint.

63.     Branham Defendants admit that Drillmec's counsel sent a letter to counsel for Charlotte Branham, months after this lawsuit was filed, regarding indemnity and that counsel for Charlotte Branham responded.  Branham Defendants admit that the letters speak for themselves.

64.     Branham Defendants admit that Drillmec seeks a declaration, but denies the remaining allegations of paragraph 64 of Plaintiff's Complaint.

65.     See paragraphs 1 through 64 of this Answer.

66.     Branham Defendants admit that Full Circle's information technology vendor registered the domain name www.branhamindustries.com.  Branham Defendants deny the remaining allegations of paragraph 66 of Plaintiff's Complaint.

67.     See paragraphs 1 through 66 of this Answer.

9

68.     Branham Defendants deny the allegations of paragraph 68 of Plaintiff's Complaint.

69.     Branham Defendants deny the allegations of paragraph 69 of Plaintiff's Complaint.

70.     The Prayer contains legal contentions for which no response is required.

### Affirmative Defenses

1.     Plaintiff's claims are barred in whole or in part by limitations.

2.     Plaintiff's claims are barred in whole or in part by the doctrine of laches, estoppel, and/or waiver.

3.     Plaintiff's claims are barred in whole or in part by Plaintiff's unclean hands.

4.     Plaintiff's claims for federal trademark infringement, common law trademark infringement, Texas trademark dilution, unfair competition and cybersquatting are barred in whole or in part by acquiescence.

5.     Plaintiff's claims for federal trademark infringement, common law trademark infringement and Texas trademark dilution are barred in whole or in part because Branham Defendants have prior rights in the BRANHAM mark.

6.     Plaintiff's claims for federal trademark infringement, common law trademark infringement and Texas trademark dilution are barred in whole or in part because any alleged use by Branham Defendants of the BRANHAM mark constitutes fair use.

7.      Plaintiff's claims for federal trademark infringement, common law trademark infringement and Texas trademark dilution are barred in whole or in part because Plaintiff abandoned the BRANHAM mark.

8.      Plaintiff's claims for misappropriation of trade secrets and theft of trade secrets are barred in whole or in part because Branham Defendants did not rely on Plaintiff's alleged trade secrets, but rather, independently developed drawings that are demonstrably different from the alleged trade secrets.

9.      Plaintiff's claims for misappropriation of trade secrets and theft of trade secrets are barred in whole or in part because any alleged taking or use of Plaintiff's trade secrets by Branham Defendants was the result of mistake or accident.

10.     Plaintiff's claim for breach of contract is barred in whole or in part by the defense of ratification.

11.     Plaintiff's claim for unjust enrichment is barred in whole or in part by the existence of one or more express, written agreements.

12.     Plaintiff's federal trademark claim is barred because Federal Trademark Registration Nos. 2,852,501 and 2,910,641 are subject to cancellation.

13.     Plaintiff's claims for cybersquatting and unfair competition are barred in whole or in part by the doctrine of fair use.

14.     Plaintiff's claims for cybersquatting and unfair competition are barred in whole or in part by the doctrine of prior rights.

15.     Plaintiff's claims for cybersquatting and unfair competition are barred in whole or in part by the doctrine of abandonment.

D47E19C64EEFD394: 0001

16.    Plaintiff's claims for cybersquatting and unfair competition are barred in whole or in part by the doctrine of loss of significance.

JURY DEMAND

Branham Defendants hereby demand a trial by jury on any and all issues pertaining to Plaintiff's legal claims and any and all issues common to Plaintiff's legal and equitable claims.

WHEREFORE Branham Defendants pray that, upon final hearing, Plaintiffs take nothing by this suit and that Branham Defendants be discharged with its costs.  Branham Defendants further pray for such other relief to which it may be entitled.

Respectfully submitted,

By:_____
George T. Shipley
State Bar No. 18267100
SHIPLEY SNELL MONTGOMERY LLP
4600 First City Tower
1001 Fannin
Houston, TX 77002
Telephone:  (713) 652-5920
Facsimile:   (713) 652-3057

ATTORNEYS FOR DONALD
BRANHAM, CHARLOTTE BRANHAM,
BRANHAM INDUSTRIES, INC.,
BRANHAM INDUSTRIES PRODUCTS,
INC., AND FULL CIRCLE
ENTERPRISES, INC.

D47E19C64E:EFD394: 0001

OF COUNSEL:

Amy L. Snell
State Bar No. 24002968
SHIPLEY SNELL MONTGOMERY LLP
4600 First City Tower
1001 Fannin
Houston, TX 77002
Telephone:  (713) 652-5920
Facsimile:  (713) 652-3057

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on the following on July 20, 2009 as listed below:

Mr. Alexander C. Chae
Mr. Chris P. Perque
GARDERE WYNNE SEWELL, LLP
1000 Louisiana, Suite 3400
Houston, Texas 77002-5011
*Counsel for Drillmec., Inc.*
**BY ELECTRONIC MAIL AND
CERTIFIED MAIL/RRR**

Ms. Elizabeth W. King
KING LAW ASSOCIATES
5622 Inwood Dr.
Houston, Texas 77056-4012
*Counsel for Drillmec., Inc.*
**BY ELECTRONIC MAIL AND
CERTIFIED MAIL/RRR**

Mr. Aaron Davidson
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, Texas 75201-2980
*Attorneys for WDE Branham Oil Rigs*
**BY ELECTRONIC MAIL AND
CERTIFIED MAIL/RRR**

Amy Snell

13

D47E19C64EEFD394: 0001